**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTONIO KENDRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 C 4813 |
| | ) | |
| FRANK SHAW, MARK HOSEY, | ) | Judge Ronald A. Guzmán |
| WILLIAM SELMER,[1] JACKIE | ) | |
| MITCHELL, TERRY MCANN and | ) | |
| LINDA YOUNG, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, an inmate at Stateville Correctional Center, filed this suit pursuant to 42 U.S.C. § 1983, claiming that defendants violated his Eighth Amendment rights by denying him necessary dental care. Defendants have filed motions pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss. For the reasons set forth below, the Court grants defendant Selmer's motion to dismiss and grants in part and denies in part the other defendants' motion.

**Facts**

Plaintiff alleges that he saw defendant Selmer, a Stateville dentist, on August 17, 2006 because he had a broken filling. (Compl. ¶ 3.) Selmer told plaintiff to return on December 1, 2006 for treatment. (*Id.*) Plaintiff was unable to do so because the prison was on lock down and, pursuant to a policy adopted by then-Stateville warden defendant McCann, inmates could not receive medical

---

[1]Defendant Selmer is incorrectly named Selmon in the complaint.

treatment during a lock down. (*Id.* ¶¶ 3, 5.) Ultimately, Selmer extracted the affected tooth on December 19, 2006. (*Id.* ¶ 3.)

On March 14, 2007, plaintiff was again examined by Selmer, who told plaintiff that he had twelve cavities, which would shortly be filled. (*Id.*) Plaintiff did not see Selmer or any other Stateville dentist, for the next two years and did not file a grievance about the lack of dental care in that period. (*Id.*)

On February 26, 2009, plaintiff saw defendant Mitchell, another Stateville dentist, who told him he had twelve cavities and scheduled him for treatment on April 23, 2009. (*Id.* ¶ 4.) On April 14, 2009, plaintiff's unit went on lock down, so he filed an emergency grievance seeking permission to see Mitchell on April 23 despite the lock down. (*Id.*, Ex. B, 4/14/09 Grievance.) Defendant Shaw, who was the warden at the time, refused to give the grievance expedited consideration and sent it to defendant Hosey, an assistant warden, for processing as an ordinary grievance. (*Id.*; Compl. ¶¶ 1-2.) On May 3, 2009, as part of the normal grievance process, plaintiff's grievance was sent to defendant Young, the Stateville healthcare administrator. (*Id.* ¶ 6.)

On May 18, 2009, plaintiff filed another emergency grievance asking for immediate dental care, which Shaw also refused to expedite and Hosey, and later Young, received for processing. (*Id.*, Ex. B, 5/18/09 Grievance; Compl. ¶¶ 1-2, 6.) Nonetheless, plaintiff saw Mitchell on May 20, 2009, and she filled one of his cavities. (Compl. ¶ 4.) As of August 6, 2009, when plaintiff filed this suit, plaintiff had not received a response to his grievances and his eleven other cavities had not been treated.

Plaintiff alleges that Stateville's policy of refusing medical treatment to inmates during lock downs and defendants' failure to provide him with dental care violated his Eighth Amendment rights. (*Id.* ¶¶ 1-2, 5.) He seeks both damages and injunctive relief.

**Discussion**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Exhaustion**

Selmer argues that the claims asserted against him must be dismissed because plaintiff failed to exhaust administrative remedies. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted."). Exhaustion is an affirmative defense that defendant has the burden of proving. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Ordinarily, an affirmative defense is not an appropriate basis for a Rule 12(b)(6) dismissal. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, (7th Cir. 2004). If, however, the pleadings establishes that there is "an impenetrable defense," a claim may be dismissed under that Rule. *Id.*

Plaintiff exhausted administrative remedies with respect to his claim against Selmer if he filed a grievance about it at the time and in the manner required by the prison's administrative rules. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Among other things, the Stateville

3

grievance procedure requires an inmate to submit a grievance within sixty days of the his discovery of the event or problem giving rise to the grievance. ILL. ADMIN. CODE tit. 20, § 504.810. Plaintiff alleges that on March 14, 2007, he was told by Selmer that he had twelve cavities, which would be filled shortly. (Compl. ¶ 3.) Plaintiff also alleges that he did not receive dental care from Selmer or anyone else for the next two years and did not file a grievance about that fact until April 14, 2009. (*Id.* ¶¶ 3-4 ; *id.*, Exs. A & B, Grievances.) As a result, the complaint establishes that plaintiff did not exhaust his administrative remedies with respect to his claims against Selmer.[2]

**Individual Capacity Claims**

The remaining defendants can be held individually liable under section 1983 only if they caused or participated in the alleged deprivation of his Eighth Amendment rights. *Vance v. Washington*, 97 F.3d 987, 991 (7th Cir. 1996). Defendants violated plaintiff's Eighth Amendment rights if their actions constituted deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Defendants acted with deliberate indifference if they "knew of a substantial risk of harm to [plaintiff] and acted or failed to act in disregard of that risk." *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). Plaintiff does not allege facts that suggest McCann knew about plaintiff's dental care needs, let alone ignored them, during his tenure as warden. Absent such allegations, plaintiff has not stated a viable claim against McCann.

The situation is different for the remaining defendants. Plaintiff alleges that Mitchell knew as of February 26, 2009 that he had twelve cavities that had been untreated for two years, Shaw knew on April 14, 2009, Hosey knew sometime between April 14, and May 3, 2009 and Young

---

[2]The Court's finding obviates the need to address the statute of limitations argument Selmer raises.

4

knew on May 3, 2009. (Compl. ¶¶ 1-2, 4, 6; *id.*, Exs. A & B, Grievances.) He further alleges that Mitchell filled one of his cavities on May 20, 2009 but, as of the filing of this suit on August 2009, the eleven other cavities remained untreated. Thus, excluding the nearly month-long lock-down period, plaintiff alleges that Mitchell failed to treat eleven cavities for least four months and Shaw, Hosey and Young each refused to obtain treatment for those cavities for at least three months.

The Seventh Circuit's decision in *McGowan v. Hulick*, 612 F.3d 636 (7th Cir. 2010), teaches that such delays can constitute deliberate indifference. McGowan was an Illinois inmate who began complaining of tooth pain in November 2006 but, despite his repeated requests, did not receive treatment until January 30, 2007. *Id.* at 638. Defendants argued that a three-month delay in treatment was too slight to violate the Eighth Amendment, an argument the Seventh Circuit rejected:

> Delay is not a factor that is either always, or never, significant. Instead, the length of delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment.
>
> McGowan . . . . was forced to wait three months to see a dentist after he first complained of dental pain. That unexplained delay could support a deliberate-indifference claim if [defendant] was aware of the severity of McGowan's dental problems yet refused to approve a dental visit. . . .
>
> We recognize that a more complete examination of the facts may show that McGowan's condition did not need immediate treatment, that [defendant] was not aware of the need for more urgent care, or that someone else was responsible for the delay. But those are details to be explored during discovery. At this stage, McGowan has stated a claim for such serious delay in his treatment that the Eighth Amendment may have been violated.

*Id.* at 640-41 (citations omitted). Like McGowan, plaintiff has sufficiently alleged that Mitchell, Shaw, Hosey and Young were deliberately indifferent to his medical needs.

**Official Capacity Claims**

Plaintiff claims that the Stateville policy barring medical treatment during lock downs, which McCann allegedly adopted and Shaw allegedly enforced, violates the Eighth Amendment. Because the attacks actions defendants took in furtherance of their duties as Stateville wardens, these are official capacity claims. *See Hill v. Shelander*, 924 F.2d 1370, 1373 (7th Cir. 1991) (stating that claims contesting government policies or customs are official capacity claims). An official capacity claim against a government official is, in essence, a claim against the entity that employs him, here the state of Illinois. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). States cannot be sued for damages under section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, the official capacity damages claims plaintiff asserts against Shaw and McCann are dismissed.

However, states can be sued under section 1983 for injunctive relief. *See id.* n.10. To state such a claim, plaintiff must allege that the alleged violation of his constitutional rights was caused by the execution of a governmental policy. *Monell v. N.Y.C. Dep't of Soc Serv.*, 436 U.S. 658, 690-91 (1978). According to plaintiff's allegations, the lock down policy delayed his dental treatment for just under a month. Ultimately, that delay may prove to be too slight to support an Eighth Amendment claim. However, the constitutionality of delayed medical care, as the *McGowan* court emphasized, depends on the facts of each case. 2010 WL 2813636, at *3. Because those facts have yet to be developed, the official capacity claim for injunctive relief cannot be dismissed.

**Conclusion**

For the reasons set forth above, the Court grants defendant Selmer's motion to dismiss [doc. no. 16] and dismisses the claims asserted against him without prejudice for failure to exhaust. The Court grants in part and denies in part the other defendants' motion to dismiss [doc. no. 21] and dismisses the official capacity damages claim with prejudice and the individual capacity claim against McCann without prejudice. In all other respects, the motion is denied. Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to amend the individual capacity claim against McCann. If he fails to do so in that period, that claim will be dismissed with prejudice.

**SO ORDERED.**                                        **ENTERED: September 17, 2010**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**